IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                              CASE NO. 4:07CR32-RH/AK

JORGE OSVALDO MEDINA-VARGAS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 23, Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. As grounds for relief, Defendant charges ineffective assistance of counsel and *Apprendi* error. *Id*. Having carefully considered the matter, the Court recommends that the motion be denied as untimely.

## BACKGROUND

On May 22, 2007, Defendant pled guilty to illegal reentry of a deported alien. Docs. 16 & 17. On July 31, 2007, he was sentenced to 57 months imprisonment. Doc. 19. Judgment was entered on August 7, 2007. Doc. 20. Defendant did not appeal. The instant motion to vacate was filed on October 18, 2008, when it was delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).

## DISCUSSION

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

>   the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "A 1-year period of limitation shall apply to a motion under this section."

*Id*. at § 2255(f).   The one-year limitations period

>   shall run from the latest of–
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.  The pertinent inquiry here involves subsection (1) only, as none of the other subsections apply.

Because Defendant did not appeal his sentence, his conviction became final ten days after entry of judgment, or August 21, 2007.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  As noted *supra*, Defendant filed the instant motion on October 18, 2008.  Clearly, he did not file the motion within one-year of the date his conviction became final, and therefore, the motion to vacate is untimely under subsection (1).

This does not, however, end the inquiry as "in the proper case, § 2255's period of limitations may be equitably tolled."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Id*.  There

is nothing presently before the Court to suggest that equitable tolling applies in this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 23, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  *12th*  day of December, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**